# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: September 21, 2026

| | | |
|---|---|---|
| CAROLYN M. FENWICK, | * | No. 23-1320V |
| Petitioner, | * | Special Master Young |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Caitlyn Shea Malcynsky*, Walsh Woodard, LLC, West Hartford, CT, for Petitioner.
*Nathaniel Trager*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On August 16, 2023, Carolyn M. Fenwick ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program").[2] Pet., ECF No. 1. Petitioner alleged she suffered from Guillain-Barré Syndrome ("GBS") as a result of a flu vaccine administered on October 21, 2020. *Id.* at 1. In response to a June 4, 2024 Scheduling Order from the Chief Special Master, Petitioner filed a first amended petition on August 5, 2024, to correct deficient citations to the medical record. *See* ECF Nos. 36, 42. Petitioner's first amended petition alleged the injury as a "SIRVA" Table injury. ECF No. 42 at ¶ 29. Respondent's Rule 4(c) report, filed on July 3, 2025, presumed this to be a typographical error and treated the amended petition as a GBS Table claim. ECF No. 57 at 13 n.6. Respondent argued against compensation, specifically that Petitioner failed to establish a GBS diagnosis and failed to satisfy the requirements for a GBS Table claim. *Id.* at 13. Additionally, Respondent noted that Petitioner failed to satisfy the

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

requirements under *Althen,* as she did not plead a causation-in-fact claim. *Id.* at 13–14. *See Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274 (Fed. Cir. 2005).

This case was reassigned to me on July 29, 2026. ECF No. 61. That day, I issued a Scheduling Order directing Petitioner to file a second amended petition, specifying her alleged injury to correct the deficiency outlined in Respondent's Rule 4(c) report, by no later than August 7, 2026.[3] ECF No. 62. When Petitioner failed to meet that deadline, another Scheduling Order was issued on August 10, 2026, extending Petitioner's deadline to August 14, 2026. Non-PDF Order, docketed Aug. 10, 2026. When Petitioner again failed to make any filings in compliance with that order, Chambers emailed the parties on August 20, 2026, to schedule a status conference regarding Petitioner's deficient petition and missed deadlines.[4] Petitioner's counsel failed to respond. Chambers emailed again on August 24, 2026, and August 26, 2026. Petitioner failed to respond to both emails.[5] Not only has Petitioner failed to respond to these emails, she has failed to contact Chambers in any capacity since this case was reassigned to me on July 29, 2026.

On September 1, 2026, I issued an Order to Show Cause. ECF No. 63. I directed Petitioner to make a filing consistent with the July 29, 2026, Scheduling Order or contact the Court to schedule a status conference. *Id.* I set a deadline for Petitioner of September 15, 2026. *Id.* I warned Petitioner that after this date, her failure to comply would be interpreted as failure to prosecute, and the petition would be dismissed. *Id.* As of the date of this Decision, Petitioner has not made the required filing or attempted to communicate with the Court about a status conference or any other case-related issue. In addition to Petitioner's lack of communication, she has not filed a document in this case since October of 2025—almost one year ago. *See* ECF 59.

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. Vaccine Rule 21(c); *Sapharas v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Hum. Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (Table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests). Here, Petitioner has failed to file a second amended petition or contact Chambers as ordered by this Court. Therefore, this case must be **dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.**[6]

**IT IS SO ORDERED.**

s/Herbrina D. S. Young

---

[3] I also ordered Petitioner to file the medical records requested in Respondent's Rule 4(c) report and an expert report by no later than September 28, 2026. ECF No. 62. That deadline is rendered moot in light of this dismissal.

[4] I further note that the Court previously had to strike 35 exhibits for being improperly labeled. *See* ECF Nos. 36, 39, 48.

[5] Respondent's counsel responded to all scheduling inquiries.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

Herbrina D. S. Young
Special Master